IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JILL HOLLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | Miscellaneous Action Number |
| **FEDERAL BUREAU OF** ) | **5:04-cv-2593-UWC** |
| **INVESTIGATION, UNITED STATES** ) | |
| **ATTORNEY, AMERICAN NATIONAL** ) | |
| **RED CROSS,** ) | |
| **and REGIONS BANK, INC.**, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Jill Holland appears *pro se*, and brings this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*., against Defendants United States Attorney ("USA"), Federal Bureau of Investigation ("FBI"), Regions Bank, Inc., and American National Red Cross ("Red Cross"). Plaintiff seeks an order compelling Defendants to produce certain documents, as well as an award of court costs.

Defendants USA and FBI have moved for summary judgment, and Defendant

Red Cross has moved for judgment on the pleadings. For the reasons that follow, the Court concludes that Defendants USA and FBI are entitled to summary judgment, Defendant Red Cross is entitled to judgment on the pleadings, and Defendant Regions Bank is entitled to dismissal of Plaintiff's complaint pursuant to Rule 12 (b) (6).

## I. FACTS

Plaintiff Jill Holland ("Plaintiff") and her husband were convicted in 1997 on federal criminal fraud charges. On August 30, 2004, Plaintiff commenced this civil action under the Freedom of Information Act ("FOIA"), and she styled her complaint as a "Request for Production of Documents." In a stamped ruling on October 6, 2004, the Court denied Plaintiff's request for production of documents, which effectively dismissed Plaintiff's action. Thereafter, the Court reinstated Plaintiff's action, and Plaintiff soon requested service upon Defendants. While all Defendants have been served, Defendant Regions Bank has not answered Plaintiff's complaint.

Plaintiff states in her complaint that Defendants seized certain property belonging to her and her husband. Plaintiff further alleges that she requested documents from Defendants under the FOIA, and that these records were "deliberately and wrongly withheld from her." (Compl. at p. 3.) Plaintiff further alleges that both the USA and the FBI have done everything to withhold

documentation" which Plaintiff claims would have proven her and her husband's innocence. (*Id.*) Plaintiff petitions the Court to "require the production of all items that were withheld during the trial, the appeal process and now." (Compl. at p. 3.)

## II. APPLICABLE LAW

A complaint should not be dismissed pursuant to Rule 12 (b) (6) for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957)*; see Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385 (11th Cir. 1998).

On review of a motion for judgment on the pleadings, a court does not consider matters outside the pleadings. Also, the standard of review applicable on a motion to dismiss, *i.e.*, whether the complaint states a claim for relief, applies equally to a motion for judgment on the pleadings. *See Strategic Income Fund, LLC v. Spear, Leeds, & Kellog Corp.*, 305 F.3d 1293 (11th Cir. 2002); *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002).

To properly plead a claim under the FOIA, and thus avoid dismissal pursuant to Rule 12 (b) (6) or Rule 12 (b) (c), a plaintiff must first exhaust her administrative remedies before bringing an action in district court. *Taylor v. Appleton*, 30 F.3d 1365

(11th Cir. 1994). Moreover, in *Taylor v. Appleton*, the Eleventh Circuit ruled, "we find that FOIA requires him [plaintiff] to actually exhaust all administrative remedies and then, if unsatisfactory, set forth those allegations in the complaint before a federal court can exercise jurisdiction over the merits of his FOIA claim." *Taylor*, 30 F.3d at 1370.

Summary judgment is proper only where the evidence before the court establishes that there "are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Skrtich v. Thornton* 280 F.3d 1295 (11th Cir. 2002). Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mize v. Jefferson City Bd. of Educ.* 93 F.3d 739, 742 (11th Cir. 1996). Finally, all evidence must be viewed in a light most favorable to the non-moving party. *Skrtich v. Thornton* 280 F.3d at 1299.

### III. LEGAL ANALYSIS

**1.    USA's Motion for Summary Judgment**

USA argues it is entitled to summary judgment because Plaintiff has failed to exhaust her administrative remedies. (Def. USA's Br. at p. 2.) In support of this contention, USA argues that it notified Plaintiff of her right to appeal the USA's "no records found" response to the Department of Justice's Office of Information and

Privacy, but Plaintiff failed to file an appeal. For support, USA presents the Declaration of Chiquita I. Hairston, Information Assistant of the Office of Information and Privacy. In her declaration, Hairston states that she conducted a search of the appeals submitted to the Office of Information and Privacy, and that her search revealed no records showing Plaintiff sought to appeal the response she received from USA, or from any other agency concerning an FOIA request. (R. 8 at Ex. 1, Hairston Decl. ¶ 3-4.)

In her opposing brief, Plaintiff concedes that she did not file an appeal, and cites her reasons for not doing so as "an appeal would have been futile and a waste of time . . .." (Pl.'s Br. at p. 1.) Plaintiff goes on further to say the "FOIA requests was [sic] worthless, no one has the stuff." (Pl.'s Br. at p. 2.)

Because Plaintiff has admitted on record that she has not filed an appeal, she clearly has not exhausted her administrative remedies, and USA is entitled to summary judgment as a matter of law. *See Taylor v. Appleton*, 30 F.3d 1365 (11th Cir. 1994) (FOIA requires that a plaintiff exhaust all administrative remedies before a federal court can exercise jurisdiction over the merits of his FOIA claim).

### 2. Defendant FBI's Motion for Summary Judgment

As discussed earlier, the record shows that Plaintiff has not exhausted her administrative remedies with respect to her FOIA request with the USA's office.

Similarly, she has not exhausted her administrative remedies with respect to her FOIA request with the FBI, for Hairston declared that her search revealed that Plaintiff has not submitted *any* administrative appeals concerning FOIA requests. (*See* R. 8 at Ex. 1, Hairston Decl. ¶ 3-4.) In fact, Plaintiff has yet to receive a response from the FBI, because it is still processing her request. (R. 12 at Ex. 1, Hardy Decl. ¶¶ 27-28.) Further, neither in her brief, nor at the hearing on Defendants' motions did Plaintiff dispute the pending status of her FOIA request with the FBI.

Consequently, Plaintiff has not demonstrated that she has exhausted her administrative remedies concerning her FOIA request with the FBI. Accordingly, Defendant FBI is entitled to summary judgment, as Plaintiff has failed to exhaust her administrative remedies. *See Taylor v. Appleton*, 30 F.3d 1365 (11th Cir. 1994).

### 3. American Red Cross' Motion for Judgment on the Pleadings

In its brief, Defendant Red Cross argues it is entitled to judgment on the pleadings because it is not a governmental agency subject to the requirements of the FOIA.[1] (Def. Red Cross' Br. at p. 2.) For support, Red Cross cites *Irwin Memorial*

---

[1] The FOIA defines "agency" as an authority of the government of the United States, but does not include Congress, the courts of the United States, the governments of the territories and possessions of the United States, nor the government of the District of Columbia. 5 U.S.C. § 551.

*Blood v. American National Red Cross*, 640 F.2d 1051 (9th Cir. 1981), wherein the Ninth Circuit found the Red Cross was not an agency under the FOIA.

In the four months following Red Cross' motion for judgment on the pleadings, Plaintiff has not filed an opposing brief. Consequently, Plaintiff can rely only on her complaint to defeat Red Cross' motion. In her complaint, Plaintiff does not directly allege that the Red Cross is subject to the FOIA; however, she does allege that the Red Cross is a federally funded corporation.

Assuming as true Plaintiff's allegation that Red Cross is a federally funded corporation, this fact alone is insufficient to prove that Red Cross is an agency subject to the FOIA, for the following reasons.

First, Supreme Court precedent suggests that federal funding, without more, is insufficient to hold Red Cross is an entity subject to the FOIA. For example, in *Forsham v. Harris*, the Supreme Court held that records generated, owned, and possessed by a privately controlled, but federally funded, diabetes research program were not "agency records" within the meaning of the FOIA, notwithstanding the following factors:

>  1. the program was funded solely by federal grants from the U.S. Department of Health, and

>  2. the Department of Health exercised some supervision over the funded activities, including reviewing reports, pre-approving budgets, and

having a right to access the records to ensure the program's compliance with federal grants.

445 U.S. 169, 171 (1980).

Federal funding aside, there clearly were more factors present in *Forsham* than in the instant case that would suggest a finding of federal agency, yet the Supreme Court declined to apply the FOIA in *Forsham*. Thus it follows that under *Forsham*, federal funding, without more, is insufficient to subject the Red Cross to the requirements of the FOIA.

Second, this conclusion is also supported by the persuasive authority of *Irwin Memorial Blood v. American National Red Cross*, wherein the Ninth Circuit found the Red Cross was not an agency under the FOIA. 640 F.2d 1051 (9th Cir. 1981).

Because the Red Cross is not a federal agency subject to the FOIA, Defendant Red Cross is entitled to judgment on the pleadings, as Plaintiff has failed to state a claim for relief.[2]

### 4. Regions Bank

Notwithstanding Defendant Regions Bank's failure to answer Plaintiff's complaint and assert the affirmative defenses of Rule 12, this Court is obligated to

---

[2] Moreover, even if Plaintiff can prove that the documents she seeks from Red Cross are "agency records" within the meaning of the FOIA, Red Cross is still entitled to judgment on the pleadings because Plaintiff has already admitted on record that she has not exhausted all of her administrative remedies. (Pl.'s Br. at p. 1.)

raise jurisdictional questions *sua sponte*. *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). As discussed above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Red Cross, because Red Cross is not a governmental agency subject to the open records provisions of the FOIA. Similarly, Defendant Regions Bank is not a governmental agency and has not generated "agency records" within the meaning of the FOIA.

Accordingly, Plaintiff's complaint as to Regions Bank is due to be dismissed pursuant to Rule 12 (b) (6), for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the aforementioned reasons, Defendants USA and FBI are entitled to summary judgment. Defendant Red Cross is entitled to judgment on the pleadings, and Defendant Regions Bank is entitled to dismissal of Plaintiff's complaint pursuant to Rule 12 (b) (6). By separate order, this action will be dismissed as to all Defendants.

Done this 30th day of June, 2005.

U.W. Clemon
Chief United States District Judge